Gail C. Lin (SBN 212334)
RAISNER ROUPINIAN LLP
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com

Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE NUNN, KAILA WEBB, and KASANDRA JIMENEZ, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>BITWISE INDUSTRIES, INC., ALPHAWORKS TECHNOLOGIES, LLC, JAKE SOBERAL, and IRMA L. OLGUIN, JR.,<br><br>      Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>**(1) VIOLATION OF WARN ACT 29 U.S.C. § 2101**, *ET SEQ.*, **and**<br><br>**(2) VIOLATION OF CALIFORNIA LABOR CODE § 1400,** *ET. SEQ.*,<br><br>**(3) VIOLATION OF CALIFORNIA LABOR CODE § 201,** *ET SEQ.*, **and**<br><br>**(4) VIOLATION OF STATE WAGE LAWS** |

Plaintiffs Andre Nunn, Kaila Webb, and Kasandra Jimenez ("Plaintiffs") allege on behalf of themselves and the putative class of those similarly situated as follows:

## NATURE OF THE ACTION

1.      Defendants Bitwise Industries, Inc. ("Bitwise") and AlphaWorks Technologies, LLC ("AlphaWorks" and together "Defendants") operate a business that provides technology-based services for underserved cities (the "Company"). Its client base is largely made up of companies and government entities in underserved cities that do not have a robust technology infrastructure. Bitwise rents out offices and co-working spaces in its buildings and helps customers build websites or mobile phone apps. To do this, Bitwise hires apprentices, often from disadvantaged backgrounds, providing them with on-the-job training and opportunities to work with the Bitwise's clients.

2.      Defendants Jake Soberal and Irma L. Olgiun, Jr. were co-founders of Bitwise and the co-CEOs of Defendants at all relevant times.

3.      Plaintiffs and an estimated 900 other similarly situated former employees worked for Defendants until May 29, 2023, when they were all placed on indefinite "furlough."

4.      At no time prior to May 29, 2023, did Plaintiffs or the other similarly situated former employees receive written notice that they would be placed on "furlough."

5.      Plaintiffs bring this action on behalf of themselves and the other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, the mass layoffs, plant closings, or termination of a covered establishment ordered by Defendants on or about May 29, 2023 and within thirty (30) days of that date, and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq*., and the California Labor Code § 1400, *et. seq*. ("CAL-WARN Act").

6.      Plaintiffs, on behalf of themselves and all similarly situated employees, seek to recover 60 days' wages and benefits, pursuant to 29 U.S.C. § 2104 and California Labor Code § 1402, from Defendants.

7.      Because Plaintiffs and those similarly situated have not been paid their wages for the period May 8-20 (that were due to be paid on May 26, 2023), and for the wages earned from

May 21 through May 29, they are owed three weeks and one day of pay.   Defendants have also failed to make timely benefits contributions.

8.      Plaintiffs, on behalf of themselves and all similarly situated employees, seeks to recover unpaid wages and benefits under the laws of the states in which employees worked, and final paycheck and waiting time penalties under California law.

### JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, and  U.S.C. § 2104(a)(5).

10.      Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

11.      The Court has jurisdiction over Defendants because they did business in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

### THE PARTIES

#### *Plaintiffs*

12.      Plaintiff Andre Nunn was employed by Defendants as the Director of Operations in Buffalo, who worked at Defendants' facility located at 199 Scott Street, Buffalo, New York until he was "furloughed" on or about May 29, 2023.

13.      Plaintiff Nunn is a resident of the state of New York.

14.      Plaintiff Kaila Webb was employed by Defendants as the Director of Business Analytics and worked remotely, receiving assignments from and reporting to Defendants' headquarters in Fresno, California until she was "furloughed" on or about May 29, 2023.

15.      Plaintiff Webb is a resident of the state of Maine.

16.      Plaintiff Kasandra Jimenez was employed by Defendants as a payroll and compliance accountant and worked at Defendants' facility located at 700 Van Ness Avenue, Fresno, California 93721 (the "Van Ness Facility") until she was "furloughed" on or about May 29, 2023.

17.      Plaintiff Jimenez is resident of the state of California.

18.     On May 29, 2023, Plaintiffs received a letter via email from Jake Soberal, CEO and co-founder of Bitwise. The letter stated that 100% of Bitwise Industries employees and AlphaWorks apprentices would be "furloughed," effective immediately. The letter did not state how long the "furlough" was expected to last. The letter gave information on how to apply for unemployment benefits.

19.     On information and belief, an estimated 900 similarly situated former employees who worked at the Van Ness Facility, and other facilities as defined by the WARN Act and CAL-WARN Act (together, the "Facilities"), suffered an employment loss without cause on or about May 29, 2023, without 60 days' written notice.

20.     Since March 31, 2023, Defendants stopped paying employees on time. Plaintiffs' last three biweekly checks were put on hold for insufficient funds, leaving their uncertain when or if they would be paid.  Their pay, which was due to be paid on May 26, 2023, has not been paid.

21.     Since March 2023, upon information and belief, Defendants ceased forwarding employees' contributions to certain employee benefits programs, including 401k and not paid the employer's matching contributions.  They have not forwarded employee loan payment amounts to affiliated lenders resulting in employees being declared in default of their loans.

22.     Defendants have ceased providing all forms of compensation and benefits without providing any date or circumstance that would give rise to a reasonable expectation of recall. Instead, it advised them to raid their retirement savings by seeking a "hardship" distribution or go into debt with a loan.

### ***Defendants***

23.     Upon information and belief and at all relevant times, Defendant Bitwise Industries, Inc. is a California corporation with its headquarters located at 700 Van Ness Avenue, Fresno, California 93721.

24.     Upon information and belief and at all relevant times, Defendant AlphaWorks Technologies, LLC is a California corporation with its headquarters located at 700 Van Ness Avenue, Fresno, California 93721.

25.     AlphaWorks operates an apprenticeship program in which job trainees are employed as "apprentices" and paid a minimum wage of approximately eighteen dollars an hour for several months for performing work until upon graduation they transition to a higher paid, salaried job. Defendants "furloughed" the employee-apprentices and regular employees (collectively, herein the "employees") in the same email on or about May 29, 2023.

26.     Upon information and belief, Defendant Jake Soberal is an individual who at all relevant times was a co-CEO of Defendants and is a resident of Fresno and a citizen of California.

27.     Upon information and belief, Defendant Irma Olguin, Jr. is an individual who at all relevant times was a co-CEO of Defendants and is a resident of Fresno and a citizen of state of California.

28.     In addition to the Van Ness Facility, Defendants owned and/or operated other sites located at 747 R. Street, Fresno, California, as well as sites in Bakersfield, Merced and Oakland, California. Additionally, Defendants owned and/or operated sites in the states of New Mexico, Colorado, Texas, Wyoming, Ohio, Illinois, and New York where they employed employees and substantially ceased operations on or about May 29, 2023.

29.     Until on or about May 29, 2023, Plaintiffs and the similarly situated employees were employed by Defendants and worked at or reported to the Facilities.

30.   Upon information and belief and at all relevant times, Defendants, as a single employer, made the decision to terminate the Plaintiffs and the similarly situated employees on May 29, 2023.

31.     Defendants failed to provide sixty (60) days advance written notice (or any advance notice at all) to Plaintiffs of their impending termination.

32.     Defendants failed to pay 60 days' wages and benefits to Plaintiffs and the other similarly situated former employees in lieu of 60 days' written notice.

## WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104(a)(5)

33.     Plaintiffs are each an aggrieved "person(s) seeking to enforce such liability" and are authorized by Congress to "sue either for [themselves] or for other persons similarly situated, or both" by Congress. 29 U.S.C. § 2104(a)(5).

34.     Plaintiffs bring this action on behalf of themselves and all other similarly situated former employees of Defendants who worked at or reported to the Facilities and who suffered an "employment loss" beginning on or about May 29, 2023 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on that date, pursuant to 29 U.S.C. § 2104(a)(5).

35.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

36.     On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

37.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendants.

38.     There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

39.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

       (a)     whether the Class Members were employees of the Defendants who worked at or reported to the Facilities;

       (b)     whether Defendants terminated the employment of the Class Members without cause on their part and without giving them 60 days' advance written notice;

(c)     whether Defendants were a single employer; and

(d)     whether Defendants paid the Class members 60 days' wages and benefits as required by the WARN Act.

40.     Plaintiffs' claims are typical of those of the WARN Class.  Plaintiffs, like other WARN Class members, worked at or reported to one of the Facilities and suffered an employment loss without cause on or about May 29, 2023, due to the mass layoffs ordered by Defendants.

41.     Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

42.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of WARN Act litigation, where an individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

43.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

44.     Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

**CALIFORNIA WARN CLASS ALLEGATIONS, CAL LABOR CODE § 1401 *et seq*.**

46.     Plaintiffs bring the Second Claim for Relief for violation of Labor Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendants' Facilities and were terminated without cause on or about May 29, 2023 (the "CAL WARN Class")

47.     The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

48.     On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendants.

49.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each CAL-WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

50.     Common questions of law and fact exist as to members of the CAL-WARN Class, including, but not limited to, the following:

(a)     whether the members of the CAL-WARN Class were employees of the Defendants;

(b)     whether Defendants unlawfully terminated the employment of the members of the CAL-WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL-WARN Act; and

(c)     whether Defendants unlawfully failed to pay the CAL-WARN Class members 60 days wages and benefits as required by the CAL-WARN Act.

51.     The CAL WARN Class Plaintiffs' claims are typical of those of the CAL-WARN Class.  The CAL WARN Class Plaintiffs, like other WARN Class members, worked at or reported to one of the Facilities and were terminated on or about May 29, 2023, due to the terminations

ordered by Defendants.

52.    The CAL WARN Class Plaintiffs will fairly and adequately protect the interests of the CAL WARN Class.  The CAL WARN Class Plaintiffs has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

53.    Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL-WARN Class predominate over any questions affecting only individual members of the CAL-WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL-WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendants, and damages suffered by individual CAL-WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

54.    Concentrating all the potential litigation concerning the CAL-WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL-WARN Act rights of all the members of the Class.

55.    The CAL WARN Class Plaintiffs intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**

**FEDERAL WARN ACT, U.S.C. § 2104 *et seq*.**

56.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57.    At all relevant times, Defendants Bitwise Industries and AlphaWorks (collectively, the "Federal Defendants") employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

58.     At all relevant times, Federal Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a)(1).

59.     At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Federal Defendants as that term is defined by 29 U.S.C. §2101.

60.     On or about May 29, 2023, and within 30 days thereafter, Defendants ordered  mass layoffs or plant closings at the Facilities with no expectation of its employees being recalled.

61.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Federal Defendants' employees as well as more than 33% of Federal Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8), 20 CFR 639.4(b).

62.     Accordingly, Plaintiffs and the Class Members were terminated by Federal Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the layoff or closings ordered by Defendants at the Facilities.

63.     Plaintiffs and the Class Members are "affected employees" of Federal Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

64.     Federal Defendants were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days' advance written notice of their terminations.

65.     Federal Defendants failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

66.     Upon information and belief, at all relevant times, Federal Defendants shared common ownership, common directors and/or officers, de facto exercise of control, unity of personnel policies emanating from a common source, and the dependency of operations.  20 C.F.R. § 639.3(a)(2).

67.     Plaintiffs, and each of the Class Members are, "aggrieved employees" of the Federal Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

68.     Federal Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, incentives, accrued holiday pay and accrued

1
2
3
4

vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

5
6

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF CALFORNIA LAB. CODE,  § 1400 *et seq.***

7
8

69.     Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

9
10
11
12
13

70.     Plaintiffs bring the Second Claim for Relief for violation of California Lab. Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facilities and were terminated without cause on or about May 29, 2023 and within 30 days of that date (the "CAL-WARN Class").

14
15
16

71.     Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment.   A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary."

17
18
19
20

72.     Upon information and belief and at all relevant times, Defendants Soberal and Olguin, Jr., were employers of the CAL-WARN Class as that term is defined by Lab. Code § 1400(b) because they directly or indirectly owned and operated at least one covered establishment in California that employed hundreds of employees.

21
22
23
24

73.     Upon information and belief and at all relevant times, Defendants Bitwise and AlphaWorks were employers of the CAL-WARN Class as that term is defined by Lab. Code § 1400(b) because they directly or indirectly owned and operated covered establishments in California that employed several hundred employees.

25
26
27
28

74.     Defendants violated CAL-WARN by terminating Plaintiffs' employment and the employment of other similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about May 29, 2023 or thereafter,  without giving written notice at least 60 days before the order took effect to: (1) the employees affected by

the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

75.     As a result of Defendants' violation of Lab. Code § 1401, Plaintiffs and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

76.     Plaintiffs has incurred attorneys' fees in prosecuting this action and is entitled to an award of attorneys' fees under Cal. Lab. Code § 1404.

**THIRD CLAIM FOR RELIEF**
**WAGE VIOLATIONS UNDER CALFORNIA LAB. CODE § 203**
**AND STATE WAGE PAYMENT LAWS**

77.     Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

78.     Plaintiffs seek to recover under California state laws for Defendants' failure to pay wages owed for their final three weeks of work and to issue a final paystub, and waiting time penalties, for themselves and the other similarly situated employees who worked in California.

79.     Cal. Labor Code § 558.1 makes personally liable "any employer or other person acting on behalf of an employer, who holds the position of owner, director, officer, or managing agent of the employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission or violates, or causes to be violated Sections 203, 226, 226.7, 1193.6, 1194 or 2802.

80.     Upon information and belief, Defendants Soberal and Olgiun, Jr. exercised control over the workers' wages (including the decision over whether to pay out the vacation wages upon termination), hours, or working conditions, (b) suffered and permitted them to work, and/or (c) engaged them, thereby creating a common law employment relationship.

81.     Upon information and belief, Defendants Bitwise and AlphaWorks exercised control over the workers' wages (including the decision over whether to pay out the vacation wages upon termination), hours, or working conditions, (b) suffered and permitted them to work,

and/or (c) engaged them, thereby creating a common law employment relationship

82.     Pursuant to Cal. Lab. Code § 201, upon the discharge of Plaintiffs and the other similarly situated former employees on or about May 29, 2023, their earned and unpaid wages, became due and payable immediately.

83.     Defendants, as employers that willfully failed to pay in accordance with Cal. Lab. Code § 201, are liable to Plaintiffs and the other similarly situated former employees waiting time penalties of up to 30 days' wages. Defendants' failure to pay wages upon termination was willful.

84.     In violation of Cal. Lab. Code § 203(a), which states that "If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days," Defendants failed to issue to Plaintiffs and the other similarly situated former employees their final paychecks, in full and itemized statements, upon discharging them from their employment on May 29, 2023.

85.     Defendants' failure to pay accrued vacation wages upon termination represents a violation of Labor Code sections 201 and 227.3 (and IWC Wage Order 8) and as such those wages continue as a penalty under Labor Code § 203.

86.     Defendants Soberal and Olgiun, Jr., as an employer of Plaintiffs and all others similarly situated, caused this violation and are personally liable for the unpaid wages and continuing penalties pursuant to Labor Code § 558.1.

87.     Defendants' failure to pay wages upon termination represents a violation of Cal. Lab. Code § 201 and, as such, those wages continue as a penalty under Labor Code § 203.

88.     On information and belief, Defendants additionally have failed to make timely benefit payments such 401k funding contributions and matching amounts, and failed to make other payments from earned wages to authorized recipients, and instead retained those funds for their own use.

**FOURTH CLAIM FOR**
**WAGE VIOLATIONS UNDER STATE LAWS**

89.     Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

90.     Defendants additionally have failed to make timely payments for wages upon termination and to issue final pay stubs or wage statements, including benefits such 401k funding contributions and matching amounts.

91.     Defendants' failure to make timely wage and benefits payments have violated the wage laws of the states in which it maintained Facilities or employed persons working remotely to its Facilities, including but not limited to:

   a.   New Mexico, for failure to pay all wages due at the time of discharge within five days, and continuing wages per day until paid, for up to 60 days. (NMSA § 50-4-1 to 50-4-4),

   b.   Colorado, for failure to pay employees final wages and related double penalties. Colorado Rev. Stat. Ann. §8-4-109,

   c.   Ohio, for failure to pay final wages, and related liquidated damages. Ohio Revised Code § 4113.15,

   d.   Illinois, for failure to pay wages and issue a final paycheck to terminated employees at the time of termination, 820 Ill. Comp. Stat. 115/5,

   e.   New York, for failure to pay wages upon termination and provide a final wage statement under NYLL §§ 191, 195(3) and related penalties under NYLL §§ 198(1-d),

   f.   Wyoming, for failure to pay final wages and issue a final paycheck. Wyo. Stat. § 27-4-104, and

   g.   Texas, for breach of contract under the common law of Texas.

92.     Plaintiffs will seek to certify a subclass of these similarly situated individuals to the extent necessary.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiffs and the other similarly situated former employees constitute a class;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and the California Labor Code § 1402(a);

E. Interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and Cal. Lab. Code § 1404;

G. A judgment in favor of all similarly situated employees for any unpaid wages under the laws of the respective states in which they worked at time of their terminations on or about May 29, 2023; and

H. Such other and further relief as this Court may deem just and proper.

DATED: June 6, 2023          Respectfully submitted,

By: /s/ *Gail C. Lin*
Gail C. Lin (SBN 212334)
RAISNER ROUPINIAN LLP
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone / Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com

COMPLAINT

1

2

Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone / Fax: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

3

4

5

6

*Attorneys for Plaintiffs and the other similarly situated former employees*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT