# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE NUNN, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BITWISE INDUSTRIES, INC., et al.,<br><br>                    Defendants. | Case No. 1:23-cv-00867-ADA-SAB<br><br>ORDER STAYING PROCEEDINGS IN THIS MATTER AGAINST DEFENDANTS BITWISE INDUSTRIES, INC. AND ALPHAWORKS TECHNOLOGIES, LLC PURSUANT TO 11 U.S.C. § 362<br><br>ORDER REQUIRING PLAINTIFFS TO FILE STATUS REPORT AS TO OTHER SERVED INDIVIDUAL DEFENDANTS AND READINESS TO PROCEED AS TO OTHER DEFENDANTS INTO SCHEDULING CONFERENCE<br><br>**THIRTY DAY DEADLINE**<br><br>(ECF No. 7) |

Plaintiffs filed this action on June 6, 2023, against Defendants: (1) Bitwise Industries, Inc.; (2) AlphaWorks Technologies, LLC; (3) Jake Soberal; and (4) Irma L. Olguin, Jr. (ECF No. 1.) On June 20, 2023, summons were returned demonstrating service was completed on Defendants: 1) Bitwise Industries, Inc.; (2) AlphaWorks Technologies, LLC; and (3) Jake Soberal, on June 14 and 15, 2023, with answers due July 5 and 6, 2023. (ECF Nos. 4, 5, 6.) No answers have been filed, and no proof of service for Defendant Irma L. Olguin, Jr., has been returned. On July 14, 2023, Plaintiffs filed a notice of suggestion of bankruptcy indicating that on June 28, 2023, Defendants Bitwise Industries, Inc. and Alpha Works Technologies, LLC,

1  each filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware for
2  relief under chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").  (ECF No.
3  7.)  The bankruptcy cases are pending under case numbers 23-10845-TMH (Bitwise Industries,
4  Inc.) and 23-10847-TMH (Alpha Works Technologies, LLC).

5  　　　　Pursuant to Section 362 of the Bankruptcy Code, all actions against a defendant who has
6  filed a bankruptcy petition are automatically stayed once the petition is filed.  11 U.S.C. § 362(a)
7  (staying "the commencement or continuation, including the issuance or employment of process,
8  of a judicial, administrative, or other action or proceeding against the debtor that was or could
9  have been commenced before the commencement of the case under this title, or to recover a
10 claim against the debtor that arose before the commencement of the case under this title."); see
11 also Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010).

12 　　　　Plaintiffs additionally proffer that they are unaware of any bankruptcy petition filed by
13 the individual Defendants Jake Soberal, and Irma L. Olguin, Jr.  (ECF No. 7 at 2.)  A scheduling
14 conference is currently set for October 3, 2023.  (ECF No. 3.)  As noted above, no answers have
15 been filed by any Defendants, and no proof of service for Defendant Irma L. Olguin, Jr., has
16 been returned.  Given this status and proffer, the Court will not vacate the scheduling conference
17 yet, and shall order Plaintiffs to file a status report within thirty (30) days indicating whether this
18 action should proceed in some manner against any of the named Defendants into the scheduling
19 conference or if this matter should be stayed in its entirety.  See Parker v. Bain, 68 F.3d 1131,
20 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of
21 automatic stay analysis.  Even if the first claim filed in a case was originally brought against the
22 debtor, section 362 does not necessarily stay all other claims in the case.  Within a single case,
23 some actions may be stayed, others not.  Multiple claim and multiple party litigation must be
24 disaggregated so that particular claims, counterclaims, cross claims and third-party claims are
25 treated independently when determining which of their respective proceedings are subject to the
26 bankruptcy stay." (quoting Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204–06
27 (3d Cir.1992))).

28 　　　　Further, Plaintiffs shall also ensure service is completed, as required under the order

setting the scheduling conference, and request default against any non-answering Defendant to the extent they are not subject to the automatic stay, in advance of the scheduling conference.

Accordingly, IT IS HEREBY ORDERED that:

1. All proceedings in this matter against Defendants Bitwise Industries, Inc., and AlphaWorks Technologies, LLC, are STAYED pursuant to Section 362(a) of Title 11, United States Code; and

2. Within **thirty (30) days** of service of this order, Plaintiffs shall file a status report as to the Defendants Jake Soberal, and Irma L. Olguin, Jr., and indicating whether this matter should be stayed in its entirety and all matters vacated, as described above in this order.

IT IS SO ORDERED.

Dated: __**July 17, 2023**__                                    _____
                                                                                  UNITED STATES MAGISTRATE JUDGE