# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE NUNN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>BITWISE INDUSTRIES, INC. et al.,<br><br>        Defendants. | Case No. 23-cv-00867-ADA-SAB<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO STAY ACTION PENDING MEDIATION**<br><br>**ORDER VACATING SCHEDULING CONFERENCE AND REQUIRING PLAINTIFFS TO FILE STATUS REPORT**<br><br>**ORDER VACATING THE NOVEMBER 15, 2023 HEARING**<br><br>(ECF No. 14)<br><br>**DEADLINE: FEBRUARY 28, 2024** |

## I.

## INTRODUCTION

Currently before the Court is the Plaintiffs' unopposed motion to stay this action pending mediation by the parties in the United States Bankruptcy Court for the District of Delaware, in the bankruptcy case of Bitwise Industries, Inc. and AlphaWorks Technologies, LLC.  (ECF No. 87.)  The Court finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the hearing set for November 15, 2023 will be vacated and the parties will not be required to appear at that time.

## II.

## BACKGROUND

Plaintiffs filed this putative class action on June 6, 2023, against Defendants: (1) Bitwise Industries, Inc. ("Bitwise"); (2) AlphaWorks Technologies, LLC ("AlphaWorks"); (3) Jake Soberal; and (4) Irma L. Olguin, Jr. (ECF No. 1.)  On June 28, 2023, Defendants Bitwise and AlphaWorks, and their affiliates, BW Industries Inc. and Bruce's Bagels, Beverages, and Bites, LLC, each filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware for relief under chapter 7 of the United States Bankruptcy Code.  (ECF No. 7.) Plaintiffs represent that the case is being jointly administered under Bankruptcy Case No. 23-10844-MFW.  (Plaintiffs' Mot. to Stay ("Mot.") ECF No. 14-1 at 2.)  On July 3, 2023, Plaintiffs contend they filed a class action adversary proceeding complaint against Bitwise, AlphaWorks, and their affiliates in the debtors' Chapter 7 proceeding.  (Mot. 2.)

On July 14, 2023, Plaintiffs filed a notice of Defendants' suggestion of bankruptcy in this action.  (ECF No. 7 at 1.)  On July 17, 2023, the Court issued an order staying all proceedings in this matter against Defendants Bitwise and AlphaWorks pursuant to 11 U.S.C. § 362(a).  (ECF No. 8 at 2.)  Given Plaintiffs' representations that they were unaware of any bankruptcy petition filed by Defendants Jake Soberal or Irma L. Olguin, Jr. (ECF No. 7 at 2), the Court ordered Plaintiffs to file a status report indicating whether the action should proceed or if the matter should be stayed in its entirety.  The Court also ordered the Plaintiffs ensure service on the non-debtor Defendants is completed and to request defaults as necessary.  (ECF No. 8 2-3.)  On August 16, 2023, Plaintiffs filed a status report stating the action should remain active as to the non-debtor defendants and stated their intent to file an amended complaint to add additional non-debtor defendants.  (ECF No. 11 at 2.)

On August 28, 2023, Plaintiffs filed an amended complaint in this action to add defendants Kapor Capital, Kapor Capital Partners III, L.P., 906 Ventures, LLC, Nuovo Capital, LLC, Motley Fool Ventures Management LLC, Mitchell Kapor, Joseph T. Proietti and Ollen Douglass for California Labor Code § 1400, et. seq. violations.  (ECF No. 12.)

Only Defendants Bitwise, AlphaWorks, and Jake Soberal have been served in this action.

(ECF Nos. 4, 5, 6.)  On July 25, 2023, Plaintiffs requested entry of default as to Jake Soberal (ECF No. 9), which was entered on July 26, 2023 (ECF No. 10).  No answer or other responsive pleading has been filed by any Defendant in this action.  While no counsel for any Defendant has made an appearance in this action, Plaintiffs proffer that counsel for Bitwise, Mitchell Kapor, Joseph T. Proietti, Paula Pretlow and Ollen Douglass filed a notice of appearance on August 31, 2023 in the bankruptcy proceedings.  (Mot. 3, Ex. A.)  Further, Plaintiffs contend that on September 22, 2023, counsel for Defendants Soberal and Olguin, Jr. filed a motion for relief from stay in the bankruptcy case, wherein they reference several actions that have been filed against them, including the instant action, and seek the bankruptcy court's permission to access an insurance policy to participate in mediation and settlement of all claims.  (Mot. 3-4, Ex. B.)

Plaintiffs' counsel represents they have been in contact with counsel for Defendants and the Chapter 7 trustee overseeing the Bitwise Debtors' case.  (Mot. 4.)  Plaintiffs proffer the parties have agreed to attend a mediation on January 31, 2024 to pursue a global resolution of all claims, including this action.  (Id.)  Plaintiffs represent that counsel for Plaintiffs and Defendants will attend the mediation.  (Id.)  Plaintiffs aver a stay of this action is warranted because the mediation may dispose of this action.  (Id.)  Plaintiffs request the action be stayed in its entirety until the conclusion of the mediation on January 31, 2024 and suggest filing a status report by February 28, 2024 as to the outcome of the mediation.  (ECF No. 14-2 at 2.)

**III.**

**DISCUSSION**

The court is vested with broad discretion to stay a case.  Clinton v. Jones, 520 U.S. 681, 705 (1997) (citations omitted).  In evaluating whether to stay proceedings, the court balances competing interests and should consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." Adkins v. J.B. Hunt Transp., Inc., 293 F. Supp. 3d 1140, 1150 (E.D. Cal. 2018) (citations omitted).  The burden is on the requesting party to show that a stay is appropriate.  Clinton, 520 U.S. at 708.

The Court finds a stay is appropriate in the instant action.  As to potential prejudice to

1  Defendants, the case against two Defendants, Bitwise and AlphaWorks, is automatically stayed
2  pursuant to 11 U.S.C. § 362(a), and default has been entered against Jake Soberal, the only other
3  Defendant that has been served.  Given no Defendant has opposed this motion or appeared in this
4  action and Plaintiffs' representations that counsel for all Defendants plan to attend the January
5  31, 2024 mediation, the Court finds no potential prejudice to Defendants if the proceedings were
6  stayed.  Further, the Court notes that there may be hardship to Plaintiffs and a waste of judicial
7  resources if the Court does not stay the action because Plaintiffs must serve all amended
8  Defendants prior to the January 31, 2024 mediation.  Such filings would accrue unnecessary
9  costs to prosecute and adjudicate an action that Plaintiffs aver may settle in its entirety on
10  January 31, 2024.  Accordingly, the Court finds a stay in this action pending mediation is
11  appropriate.

## IV.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  The hearing set for the instant motion on November 15, 2023 is VACATED;

2.  Plaintiffs' unopposed motion to stay (ECF No. 14) is GRANTED;

3.  This action is STAYED until February 28, 2024;

4.  Plaintiffs shall file a status report on or before February 28, 2024, specifically addressing the outcome of the mediation and the need to reset the scheduling conference in this matter; and

5.  The scheduling conference set for December 5, 2023 is VACATED, subject to resetting upon notice to the Court.

IT IS SO ORDERED.

Dated:  __November 9, 2023__

UNITED STATES MAGISTRATE JUDGE