# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE NUNN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BITWISE INDUSTRIES, INC. et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00867-TLN-SAB<br><br>ORDER REQUIRING PLAINTIFFS TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE STATUS REPORT<br><br>(ECF No. 18)<br><br>**SEVEN DAY DEADLINE** |

On October 10, 2024, Plaintiffs filed an unopposed motion to stay the instant action pending mediation by the parties in the bankruptcy case of Bitwise Industries, Inc. and AlphaWorks Technologies, LLC in the United States Bankruptcy Court for the District of Delaware. (ECF No. 14.) On November 13, 2023, the Court granted Plaintiffs' motion and required that Plaintiffs file a status report on or before February 28, 2024 that addressed the outcome of the mediation and the need to reset the scheduling conference. (ECF No. 15.)

On February 28, 2024, Plaintiffs filed a status report stating that on January 30 and 31, 2024, Plaintiffs, the Chapter 7 Trustee, non-debtor Defendants, and several other interested parties in actions that have been filed against the Defendants participated in a JAMS mediation. (ECF No. 17.) Plaintiffs reported that the parties did not reach a settlement but had been continuing settlement discussions in good faith. (Id. at 2.) Plaintiffs requested that the action

remain stayed for an additional 60 days to allow the parties to attempt to reach a global resolution of the case. (Id.) The Court found good cause to grant Plaintiffs' request for an extension of the stay and ordered that Plaintiffs file a status report on or before April 29, 2024 specifically addressing the status of the action and the need to reset the scheduling conference. The stay in the case has now expired and Plaintiffs failed to file a status report.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY ORDERED that within **seven (7) days** from the date of entry of this order, Plaintiffs shall show cause in writing why they should not be sanctioned for failing to comply with the Court's order and failing to timely file a status report specifically addressing the status of the case and the need to reset the scheduling conference. Failure to comply with this order will result in the imposition of sanctions including, but not limited to, dismissal of this action.

IT IS SO ORDERED.

Dated: **April 30, 2024**

UNITED STATES MAGISTRATE JUDGE